

Cite as 2013 Ark. 352

# SUPREME COURT OF ARKANSAS

No. CV-11-730

|  |  |
|---|---|
| ORVIL DALE LOFTIS<br>APPELLANT<br><br>V.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | Opinion Delivered September 26, 2013<br><br>PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT,<br>40LCV-11-42, HON. JODI RAINES<br>DENNIS, JUDGE<br><br>AFFIRMED. |

## PER CURIAM

In 2003, appellant Orvil Dale Loftis entered a plea of guilty to multiple felony offenses, one of which was the Class Y felony offense of possession of methamphetamine with intent to deliver. The trial court suspended imposition of sentence for the offenses. In 2005, the trial court granted a petition filed by the State to revoke the suspended imposition of sentence on the ground that appellant had failed to comply with the conditions agreed upon when he entered the plea. The trial court imposed an aggregate sentence of 480 months' imprisonment. A fine of $2500 was also imposed. The Arkansas Court of Appeals affirmed the revocation order. *Loftis v. State*, CACR 05-438 (Ark. App. Dec. 7, 2005) (unpublished).

On appeal from the revocation order, appellant argued that the trial court erred in imposing a suspended sentence for the Class Y offense, rendering the sentence imposed illegal on its face. He conceded, however, that this court in *Elders v. State*, 321 Ark. 60, 900 S.W.2d 170 (1995), had determined that, when Act 192 of 1993 deleted the original subsection (F) from Arkansas Code Annotated section 5-4-301(a)(1) (1987), the legislature authorized probation, and

"by analogy," suspended imposition of sentence, for the Class Y offense. Nonetheless, appellant urged the court of appeals to "revisit the issue." The court of appeals declined to do so, holding that the sentence imposed was not illegal on its face or otherwise invalid.

In 2011, appellant filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court, located in the county where he was in custody.[1] In the petition, appellant alleged, as he had done on appeal from the revocation order, that the judgment-and-commitment order in his case was invalid because the trial court had imposed a suspended sentence for the Class Y felony.[2]

The circuit court dismissed the petition, and appellant brings this appeal. A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Darrough v. State*, 2013 Ark. 28 (per curiam); *McArty v. Hobbs*, 2012 Ark. 257 (per curiam). We find no error and affirm the order.

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Roberson v. State*, 2013 Ark. 75 (per curiam); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226

---

[1]As of the date of this decision, appellant remains incarcerated in the prison facility in Lincoln County.

[2]The appellee in this appeal states that appellant made the same argument in an earlier petition for writ of habeas corpus filed in the Hot Spring County Circuit Court in 2007, which was denied. If so, no appeal from that order was perfected.

S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" he is illegally detained. *Id.* at 221, 226 S.W.3d at 798–99.

Here, appellant's argument concerning the legality of his sentence was addressed on appeal from the revocation order, and it was decided in that appeal that no prejudicial error had occurred. The law-of-the-case doctrine dictates that an issue raised and concluded in a prior appellate decision may not be reconsidered in a subsequent appeal, as the matter becomes res judicata. *Kelly v. Norris*, 2013 Ark. 90 (per curiam) (citing *Mosley v. Norris*, 2010 Ark. 501 (per curiam)). If the merits of the claim were addressed, and the claim was adjudicated, resolution of that issue is settled. *Id.* Accordingly, appellant was not entitled to raise again the issue concerning the suspended sentence. Moreover, even if the allegation raised by appellant in his petition had not already been addressed and settled, he raised no ground for relief that demonstrated a jurisdictional defect in the proceeding against him or that the judgment-and-commitment order was facially invalid. Appellant did not establish that the writ should issue, and the circuit court did not err in dismissing the petition.

Affirmed.

*Orvil Dale Loftis*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.