

# SUPREME COURT OF ARKANSAS

**No.** CV-13-921

| | |
|---|---|
| ERIC LAVELL MURRY<br>APPELLANT<br><br>v.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | **Opinion Delivered** February 27, 2014<br><br>PRO SE APPEAL FROM THE CIRCUIT<br>COURT OF JEFFERSON COUNTY<br>AND APPELLANT'S MOTION FOR<br>DEFAULT JUDGMENT [No. 35CV-13-100]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED; MOTION DENIED. |

**PER CURIAM**

In 2005, appellant Eric Lavell Murry entered a plea of guilty to charges of theft by receiving, being a felon in possession of a firearm, and possession of a controlled substance with intent to deliver, for which he received a ten-year suspended sentence on each count and was ordered to pay $500 in court costs. A petition for revocation of suspended sentence was filed in 2009, alleging that appellant had failed to meet the conditions under which the sentence was suspended. Following a revocation hearing, the trial court revoked appellant's suspended imposition of sentence and sentenced him to 360 months' incarceration in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed. *Murry v. State*, 2010 Ark. App. 782.

In 2013, appellant, who was incarcerated at a unit of the Arkansas Department of Correction located in Jefferson County, filed a pro se petition for writ of habeas corpus in the

SLIP OPINION

Jefferson County Circuit Court.[1] In the petition for writ of habeas corpus, appellant, who was represented by counsel when the plea was entered, alleged that the writ should issue on the grounds that he was not afforded effective assistance of counsel when he entered the plea of guilty in 2005 and that the 2005 ten-year suspended imposition of sentence was an illegal sentence. The circuit court denied the petition, and appellant brings this appeal. He has also filed a motion for a "default judgment," arguing that he is entitled to have the order reversed because the State did not file its brief in the appeal within thirty days of the date that the appellant's brief was filed.

First, there is no merit to the motion for default judgment. The State timely filed its brief on appeal; moreover, there is no provision in the prevailing rules of procedure requiring an order to be reversed based on when the appellee filed its brief.

With respect to the merits of the appeal, the order is affirmed. A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Glaze v. Hobbs*, 2013 Ark. 458; *Abernathy v. Norris*, 2011 Ark. 335 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity of the judgment or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is

---

[1]As of the date of this opinion, appellant remains incarcerated in Jefferson County.

SLIP OPINION

illegally detained. *Id.* at 221, 226 S.W.3d at 798.

On appeal, appellant raises the same claims as those raised in the habeas petition. We will not reverse a circuit court's decision granting or denying a petition for writ of habeas corpus unless the decision was clearly erroneous. *Hill v. State*, 2013 Ark. 413 (per curiam) (citing *Pankau v. State*, 2013 Ark. 162). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

Appellant here failed to demonstrate probable cause for the issuance of the writ. As to the claims of ineffective assistance of counsel, the allegations are not cognizable in a habeas proceeding. *Rodgers v. State*, 2011 Ark. 443 (per curiam); *Willis v. State*, 2011 Ark. 312 (per curiam); *Tryon v. State*, 2011 Ark. 76 (per curiam); *Grimes v. State*, 2010 Ark. 97 (per curiam). Assertions concerning counsel's effectiveness are properly raised pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). *Rodgers*, 2011 Ark. 443; *Christopher v. Hobbs*, 2011 Ark. 399 (per curiam); *Moore v. Hobbs*, 2010 Ark. 380 (per curiam); *Hill v. Norris*, 2010 Ark. 287 (per curiam). A petition for writ of habeas corpus is not a substitute for proceeding under the Rule. *Rodgers*, 2011 Ark. 443; *Tryon*, 2011 Ark. 76; *see also Johnson v. Hobbs*, 2010 Ark. 459 (per curiam); *Rickenbacker v. Norris*, 361 Ark. 291, 206 S.W.3d 220 (2005).

Appellant based the claim that the sentence in his case was illegal on the argument that the 360-month sentence imposed on him in 2009 was improper because the court in 2005 did not have authority to suspend imposition of sentence for a Class Y felony drug offense. However, with regard to the disposition of probation for drug offenses, this court has held that

3

Act 192 of 1993 amended Arkansas Code Annotated sections 5-4-104(e)(1) and 5-4-301(a)(1) (Supp. 1991) to permit suspension and probation as alternative sentences for certain drug offenses. *Crouse v. State*, 2012 Ark. 442; *see also Elders v. State*, 321 Ark. 60, 900 S.W.2d 170 (1995). The argument pertaining to the 2005 suspended sentence did not establish a jurisdictional defect or that the judgment-and-commitment order was invalid on its face. *See Loftis v. Hobbs*, 2013 Ark. 352 (per curiam).

Because appellant's petition did not establish the facial invalidity of the judgment or demonstrate a lack of the trial court's jurisdiction, appellant did not establish a basis for a writ of habeas corpus to issue. *See Culbertson v. State*, 2012 Ark. 112 (per curiam); *see also Skinner v. Hobbs*, 2011 Ark. 383 (per curiam); *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam). Accordingly, the circuit court's order is affirmed.

Affirmed; motion denied.

*Eric Lavell Murry*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.