SLIP OPINION



Cite as 2014 Ark. 105

# SUPREME COURT OF ARKANSAS

No. CV-13-593

| | |
|---|---|
| JESSIE BUCHANAN<br>APPELLANT | **Opinion Delivered** March 6, 2014 |
| V. | PRO SE APPEAL FROM JEFFERSON COUNTY CIRCUIT COURT AND MOTION FOR EXTENSION OF TIME TO FILE REPLY BRIEF, NO. 35CV-13-84 |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>APPELLEE | HONORABLE JODI RAINES DENNIS, JUDGE |
| | ORDER AFFIRMED; MOTION MOOT. |

**PER CURIAM**

In 1992, appellant Jessie Buchanan was found guilty by a jury of capital murder and sentenced to life imprisonment without parole. This court affirmed. *Buchanan v. State*, 315 Ark. 227, 866 S.W.2d 395 (1993). Appellant subsequently filed a pro se petition for writ of habeas corpus in the county in which he was incarcerated. The circuit court denied the petition, and we affirmed. *Buchanan v. State*, CR-97-214 (Ark. Mar. 5, 1998) (unpublished per curiam). Appellant then filed a second petition for habeas relief in the Jefferson County Circuit Court, the county in which he was incarcerated.[1] The circuit court denied the petition by written order, and appellant timely filed a notice of appeal from that order. Both appellant's brief-in-chief and appellee's brief were timely filed. Now before us is appellant's pro se motion for extension of time to file reply brief. As it is clear from the record and the filed briefs that appellant could not prevail if the appeal were permitted to go forward, the order is affirmed, and the motion is moot.

---

[1]As of the date of this opinion, appellant remains incarcerated in Jefferson County.

The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Culbertson v. State*, 2012 Ark. 112 (per curiam). Under our statute, a petitioner who does not allege actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Darrough v. State*, 2013 Ark. 28 (per curiam). A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Justus v. Hobbs*, 2013 Ark. 149 (per curiam).

In his brief-in-chief, appellant contends that he is entitled to habeas relief based on claims of ineffective assistance of counsel and illegal detention. Both claims stem from his assertion that the prosecuting attorney's office made a plea offer prior to his capital-murder trial; that counsel failed to communicate the offer to him; and that, if the offer had been communicated to him, he would have accepted it. The only evidence offered by appellant in support of his claims is a document that he obtained from the public defender's office that consists of notations of work that was done by the office in representing appellant. The final two entries in the document read:

> 7/22/92 Telephone this afternoon from Tommy Trammel advising that he was familiar with Jessie Buchanan from Gilmore and that he would talk to Jimbo to see if they could not agree to a reasonable offer in the case, since the killing actually occurred in Jessie's house. I told him we would get somebody up there to see Jessie. TGM

> 9/23/92 Approximately 1 week prior to his trial I discussed with JB the possibility of pleaing [sic] to manslaughter in exchange for a 10 year sentence and the defendant advised me at that time that he would not accept a suspended sentence to manslaughter

or anything else. MGM

According to appellant, the referenced "Tommy Trammel" is a chief deputy sheriff, and "Jimbo" is Prosecuting Attorney James "Jimbo" Hale.

We do not address whether appellant states a cognizable claim for habeas relief because he fails to provide any factual support for his allegations. The notation on July 22, 1992, does not reflect that an offer was made by the prosecuting attorney. The notation on September 23, 1992, only evidences a discussion between counsel and appellant in which counsel brought up the "possibility" of entering a plea to a reduced charge of manslaughter with appellant rejecting consideration of entering into any plea agreement. There is no indication in the September 23 notation that the prosecuting attorney made such a plea offer to appellant. Moreover, even if the notation could be construed to reflect that an offer was made by the prosecutor's office, the offer was communicated to appellant, and appellant rejected it.

To the extent that appellant raised the argument on appeal that the circuit court erred in failing to hold a hearing on the petition, we have noted that, while our statutory habeas-corpus scheme contemplates a hearing if the writ is issued, there is no requirement that a petitioner be given a hearing regardless of the content of the petition. *Tolefree v. State*, 2014 Ark. 26 (per curiam); *Strong v. Hobbs*, 2013 Ark. 376 (per curiam). A hearing is not required on a habeas petition, even when the petition alleges an otherwise cognizable ground, when probable cause for the issuance of the writ is not shown by affidavit or other evidence. *Tolefree*, 2014 Ark. 26; *Evans v. State*, 2010 Ark. 234 (per curiam). As appellant here failed to demonstrate probable cause for the issuance of the writ, the circuit court was not required to hold a hearing.

Order affirmed; motion moot.

*Jessie L. Buchanan*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

3

