SLIP OPINION

Cite as 2014 Ark. 180

# SUPREME COURT OF ARKANSAS

No. CV-14-144

|  |  |  |
|---|---|---|
| HAROLD HENDERSON | | **Opinion Delivered** April 17, 2014 |
| | APPELLANT | |
| | | PRO SE MOTION FOR APPOINTMENT OF COUNSEL [LEE COUNTY CIRCUIT COURT, NO. 39CV-13-121] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE RICHARD L. PROCTOR, JUDGE |
| | | |
| | | <u>APPEAL DISMISSED; MOTION MOOT</u>. |

## PER CURIAM

In 1986, appellant Harold Henderson was found guilty by a jury of murder in the first degree and battery in the first degree and sentenced to terms of life imprisonment and twenty years, respectively. We affirmed. *Henderson v. State*, 291 Ark. 138, 722 S.W.2d 842 (1987).

In 2013, appellant, who was incarcerated at a unit of the Arkansas Department of Correction located in Lee County, filed a pro se petition for writ of error coram nobis and for writ of habeas corpus in the Lee County Circuit Court.[1] In the petition, he contended that he was actually innocent of the offenses, trial error of constitutional dimension was committed at his trial, the evidence was insufficient to sustain the judgment, the decision of this court to affirm the judgment was erroneous, he was not afforded effective assistance of counsel, and he was entitled to be indicted by grand jury rather than felony information. The circuit court

---

[1]As of the date of this opinion, appellant remains incarcerated in Lee County.

dismissed the petition, and appellant lodged an appeal of that order in this court. Now before us is appellant's motion for appointment of counsel.

As it is clear from the record that appellant could not prevail on appeal, we dismiss the appeal. The motion is moot. An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *See Davis v. State*, 2014 Ark. 45 (per curiam).

First, any request for relief in a coram-nobis proceeding should have been addressed to this court, not to the circuit court in the county where appellant was in custody. A petition filed in this court for leave to proceed in the trial court where the judgment was entered is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Cherry v. State*, 2014 Ark. 81 (per curiam). The circuit court in Lee County, where appellant was incarcerated, did not have authority to issue a writ of error coram nobis or to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. *See Sparks v. State*, 2012 Ark. 464 (per curiam).

With respect to the request for the circuit court to issue a writ of habeas corpus, appellant did not state a ground on which the writ could issue.[2] The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment

---

[2]A petition for writ of habeas corpus is properly addressed to the circuit court in the county in which the petitioner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified as Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006), in which case the petition is properly addressed to the trial court. *Borum v. State*, 2011 Ark. 415 (per curiam). While appellant asserted actual innocence, which is a ground for relief under Act 1780, his arguments were founded in claims of trial error. Moreover, if appellant intended the request for a writ of habeas corpus as a petition under the Act, the petition should have been filed in the trial court where the judgment was entered.

2

SLIP OPINION

was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Buchanan v. State*, 2014 Ark. 105 (per curiam); *Culbertson v. State*, 2012 Ark. 112 (per curiam). Under Arkansas Code Annotated section 16-112-103(a)(1) (Repl. 2006), a petitioner seeking release from custody must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Darrough v. State*, 2013 Ark. 28 (per curiam). A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Justus v. Hobbs*, 2013 Ark. 149 (per curiam).

The allegations raised by appellant constituted challenges to the sufficiency of the evidence to sustain the judgment, a variety of claims of trial error, and assertions of ineffective assistance of counsel. None of the issues raised by appellant were alleged by him to demonstrate the facial invalidity of the judgment-and-commitment order or a lack of jurisdiction of the trial court. If a petitioner in a habeas proceeding does not call into question the trial court's jurisdiction or the facial validity of the judgment-and-commitment order, there is no ground for the writ to issue. *Murry v. Hobbs*, 2014 Ark. 98 (per curiam); *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam).

Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Bliss*, 2012 Ark. 315; *Culbertson*, 2012 Ark. 112. Appellant did not contend, and he offered nothing to demonstrate, that the trial court in his case did not have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Id.* We will treat allegations of void or illegal sentences similarly to the way that we treat problems of

subject-matter jurisdiction. *Friend v. State*, 364 Ark. 315, 219 S.W.3d 123 (2005) (citing *Taylor v. State*, 354 Ark. 450, 125 S.W.3d 174 (2003)). However, a habeas-corpus proceeding does not afford a prisoner an opportunity to retry his case, and it is not a substitute for direct appeal or for raising claims of ineffective assistance of counsel in a timely petition for postconviction relief. *Bliss*, 2012 Ark. 315; *Van v. Hobbs*, 2011 Ark. 287 (per curiam); *Meny v. Norris*, 340 Ark. 418, 420, 13 S.W.3d 143, 144 (2000).

As appellant clearly failed to raise a claim within the purview of a habeas action, he failed to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *Benton v. Hobbs*, 2013 Ark. 385 (per curiam); *Henderson v. White*, 2011 Ark. 361 (per curiam). For that reason, he could not prevail on appeal. *See Smith v. Hobbs*, 2013 Ark. 400 (per curiam).

Appeal dismissed; motion moot.

*Harold Henderson*, pro se appellant.

No response.