

# SUPREME COURT OF ARKANSAS

**No.** CV-12-728

| | |
|---|---|
| COREY SANDERS<br>APPELLANT | **Opinion Delivered** June 26, 2014 |
| V. | PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT<br>[NO. 35CV-12-320] |
| WILLIAM STRAUGHN, WARDEN,<br>MAXIMUM SECURITY UNIT; RAY<br>HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEES | HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

## PER CURIAM

Appellant Corey Sanders appeals the denial of his pro se petition for writ of habeas corpus. We find no error and affirm the order denying relief.

This court affirmed the judgment reflecting appellant's conviction in the Columbia County Circuit Court on two counts of capital murder and his sentence of life imprisonment. *Sanders v. State*, 340 Ark. 163, 8 S.W.3d 520 (2000). Appellant filed in the Jefferson County Circuit Court a petition for writ of habeas corpus under Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2006) that challenged the Columbia County judgment.[1] In the petition for the writ, appellant alleged that the trial court did not have jurisdiction over his case because the original information filed in his case identified the bases for the charges as felony murder with an improper underlying felony; amendment of the information was unlawful; there were

---

[1]Appellant was, and, as of the date of this opinion, remains, incarcerated in a unit of the Arkansas Department of Correction in Jefferson County.

a number of procedural defects in his trial, including the improper seating of a juror, and he was charged by information when he could only be charged by indictment. The circuit court dismissed the petition on the basis that appellant failed to establish probable cause for a finding that he was being illegally held, that the trial court lacked jurisdiction, or that the commitment was invalid on its face.

A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Henderson v. State*, 2014 Ark. 180 (per curiam). On appeal, appellant raises four points for reversal. In the first point, appellant alleges that the circuit court failed to follow the procedure required by statute when it did not issue a summons and it dismissed the petition without a return or response by the appellees. In the remaining points, appellant appears to argue that the trial court lacked jurisdiction to convict him because the charges for which he was convicted were not included in the information, that charging appellant by information rather than indictment was unconstitutional, and that one of the jurors was improperly seated.

The burden is on the petitioner in proceedings for a writ of habeas corpus to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Culbertson v. State*, 2012 Ark. 112 (per curiam). Under our statute, a petitioner who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. *See id.*; Ark. Code Ann. § 16-112-103(a)(1). Appellant did not invoke Act 1780 in his petition, and he did not plead facts

2

that would establish one of these two cognizable types of claim. Furthermore, even if appellant stated a cognizable claim, he failed to make the requisite showing of probable cause.

In his first point, appellant contends that the circuit court was required under section 16-112-106 to issue a summons to be served on the appellees and that the appellees were required to respond to the petition for the writ before the court could deny his claims. The circuit court was not required to serve the appellees nor were the appellees required to respond. In contrast to proceedings under Act 1780 of 2001 Acts of Arkansas, which does require a response to a petition for the writ, the chapter of our code applicable to the habeas proceedings in this case does not contain a provision mandating a response. *See* Ark. Code Ann. § 16-112-204(a). Section 16-112-106 is only applicable for service of the writ once the writ has issued, which in this case did not occur. Return is contemplated to bring the petitioner before the court, and a court may dispose of a petition without a hearing or the presence of the petitioner where the petition fails to allege cognizable grounds for the writ or demonstrate probable cause for issuance of the writ. *See Buchanan v. Hobbs*, 2014 Ark. 105 (per curiam).

In his next two points, appellant raises arguments concerning the validity of the information charging him, intertwined with other arguments concerning trial error that he had raised in his petition below. Assertions of trial error such as appellant has raised are not sufficient to implicate the facial validity of the judgment or the jurisdiction of the trial court. *See Chambliss v. State*, 2014 Ark. 188 (per curiam). A habeas-corpus proceeding does not afford a convicted defendant an opportunity to retry his case and argue issues that could have been settled at trial. *Tolefree v. State*, 2014 Ark. 26 (per curiam). Appellant's allegations of trial error

3

SLIP OPINION

SLIP OPINION

concerning the information—such as improper amendment of the information, lack of notice, and failure to include sufficient information to identify the crime—are not the types of defects that raise a jurisdictional issue, and such allegations are therefore not cognizable in a proceeding for the writ. *See Craig v. Hobbs*, 2012 Ark. 218 (per curiam); *see also Willis v. Hobbs*, 2011 Ark. 509 (per curiam).

Although appellant couches the first of his two claims concerning the information as an allegation that his conviction was not for the crime for which he was charged, the claim is premised on his assertions that the original information was defective and did not sufficiently describe the crime. Appellant's argument is that the defective information could not be amended to cure the defects and the proceedings were therefore void.

Claims of a defective information that raise a jurisdictional issue, such as those that raise a claim of an illegal sentence, are cognizable in a habeas proceeding. *Willis*, 2011 Ark. 509. Appellant's argument hinges on his assertion that the information could not be amended, that amendment in itself is unauthorized and that, if authorized, the amendment changed the nature of the proceedings. This court has previously held that such a claim regarding a similar amendment did not challenge the personal or subject-matter jurisdiction of the court and was not cognizable in a habeas proceeding. *Hill v. Norris*, 2010 Ark. 287 (per curiam).

The State is entitled to amend a felony information before the case has been submitted to the jury, provided the amendment does not change the nature or degree of the crime charged or create an unfair surprise for the defendant. *See Green v. State*, 2012 Ark. 19, 386 S.W.3d 413; *Glaze v. State*, 2011 Ark. 464, 385 S.W.3d 203. Although appellant asserts that the amendments

here changed the nature of the crime charged in that he was charged with felony capital murder but convicted of premeditated capital murder, the changes made in this case did not change the nature of the crime charged. *See Terry v. State*, 371 Ark. 50, 263 S.W.3d 528 (2007) (citing *Nance v. State*, 323 Ark. 583, 918 S.W.2d 114 (1996)) (holding that whether amendment to capital felony-murder information to add the charge of premeditated and deliberate murder was improper turned on whether there was prejudice or surprise). Here, the nature of the offense remained the same, and the amendment only changed the manner of the alleged commission of the crime. *See Green*, 2012 Ark. 19, 386 S.W.3d 413.

Appellant additionally asserts that charging him by information rather than indictment was unconstitutional. However, a defendant may be charged by information rather than indictment. *Dickinson v. Norris*, 2011 Ark. 413 (per curiam) (citing *Peterson v. Norris*, 2009 Ark. 445 (per curiam), in turn citing *Ruiz v. State*, 299 Ark. 144, 165, 772 S.W.2d 297, 308 (1989)). Both claims based on appellant's contention that the charging instruments were invalid therefore fail.

Finally, Sanders alleges that a member of the jury panel was biased. Sanders raised the issue of the biased juror in his claim for post-conviction relief and a hearing was held by the circuit court and his claim was denied. We affirmed this decision in *Sanders v. State*, 2003 WL 22351933. As in *Dickinson*, we are precluded from reaching the merits of Sanders's argument "because we have held that trial irregularities and ineffective assistance of counsel issues are not grounds for issuance of a writ of habeas corpus."

Affirmed.
*Corey Sanders*, pro se appellant.
*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellees.