SLIP OPINION

Cite as 2015 Ark. 351

# SUPREME COURT OF ARKANSAS

No. CR-15-175

| | |
|---|---|
| DUANE JEFFERSON GONDER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered October 1, 2015<br><br>PRO SE APPEAL FROM THE DREW COUNTY CIRCUIT COURT AND PRO SE MOTION TO HOLD APPEAL IN ABEYANCE<br>[NO. 22CR-09-99]<br><br>HONORABLE SAM POPE, JUDGE<br><br><u>AFFIRMED; MOTION DENIED</u>. |

**PER CURIAM**

In 2010, appellant Duane Jefferson Gonder entered a plea of guilty to first-degree murder, aggravated assault, and furnishing prohibited articles. He was sentenced to an aggregate term of 552 months' imprisonment.

In 2014, Gonder filed in the trial court a pro se motion for production of documents in which he stated that he had paid the office of the prosecuting attorney for "his discovery of his criminal case file." He alleged that the prosecuting attorney was obligated to make available to him all material under Rules 17.1 and 17.3 of the Arkansas Rules of Criminal Procedure (2014) and the Freedom of Information Act, but the material he received from the prosecutor did not contain several documents that he desired to receive. The prosecuting attorney filed a response to the motion in which he stated that he had provided Gonder with every document in Gonder's case file. With respect to Gonder's assertion that he was entitled to the documents as part of the discovery process, the prosecuting attorney noted that the discovery portion of

Gonder's criminal proceeding had ended.

The trial court denied the motion on the bases that the discovery process had been completed in Gonder's case and that the prosecuting attorney was not required to provide documents not included in his files. Gonder brings this appeal.

After Gonder lodged the appeal and all briefs had been filed, he filed a motion asking that the appeal be held in abeyance on the ground that another of his motions is pending in the trial court to modify the order from which the appeal is being taken. The motion is denied. The instant appeal concerns only the trial court's ruling on Gonder's 2014 motion for production of documents. Gonder chose to perfect an appeal from the denial of that order, and, by doing so, the trial court lost jurisdiction to modify that order. *See Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam).

Gonder's sole argument for reversal of the trial court's order is that he was entitled to the documents from the prosecutor because his request was a request for "discovery" that was relevant to the charges of which he was convicted.[1] We find no error.

Once the direct appeal was completed in Gonder's case, the chief remedy available to him in state court to challenge the judgment of conviction was a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010), and he did not contend in his motion that he desired to proceed with any other specific legal remedy. We have held that a petitioner under the Rule is not entitled to discovery to pursue postconviction relief.

---

[1]The documents are described by Gonder as the following: felony prosecution cover sheet; primary victim information on the kidnapping and the aggravated residential burglary of which he was convicted; the county sheriff's incident report.

SLIP OPINION

*Clarks v. State*, 2011 Ark. 296, at 5 (per curiam). We have specifically noted that the provisions of the Rule do not provide for the discovery of evidence. *Cook v. State*, 361 Ark. 91, 105, 204 S.W.3d 532, 540 (2005).

Moreover, the time permitted for Gonder to proceed under the Rule has expired. Pursuant to Rule 37.2, when a petitioner enters a plea of guilty, any petition for postconviction relief must be filed within ninety days of the date that the judgment was entered of record. Ark. R. Crim. P. 37.2(c)(i). The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, the trial court lacks jurisdiction to grant postconviction relief. *Talley v. State*, 2012 Ark. 314 (per curiam).

Even if there were some other state or federal remedy available to Gonder at this time to challenge the judgment in his criminal case, the prosecuting attorney stated that he did not have the material Gonder requested in the prosecutor's case file. Gonder presented no convincing authority in his motion or in his brief to this court to establish that the prosecuting attorney had an obligation to seek out the documents Gonder desired to obtain and provide them to Gonder, particularly as the discovery process in Gonder's case has been completed. This court has repeatedly held that it will not research or develop arguments for appellants. *Green v. State*, 2012 Ark. 19, at 10, 386 S.W.3d 413, 419.

As to Gonder's invocation of Arkansas Rule of Criminal Procedure 17.1, the rule governs the obligation of the prosecuting attorney pertaining to the discovery process in a criminal prosecution. We have held that the purpose of the discovery rules is to require the State to disclose its evidence to the defendant in a criminal prosecution in time for the

3

SLIP OPINION

defendant to make beneficial use of the information. *See Chunestudy v. State*, 2012 Ark. 222, 408 S.W.3d 55. The rule obligates the prosecutor to make prompt disclosure to defense counsel for use at trial of any material or information within the prosecutor's knowledge, possession, or control, which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce the punishment for the offense. *See Lacy v. State*, 2010 Ark. 388, at 25, 377 S.W.3d 227, 241–42. Gonder did not demonstrate that the prosecutor's obligation under Rule 17.1 continued into postconviction proceedings.

Affirmed; motion denied.

*Duane Jefferson Gonder*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.