Cite as 2020 Ark. 77

# SUPREME COURT OF ARKANSAS

No. CV-19-690

KELVIN COLLIER

APPELLANT

V.

WENDY KELLEY, DIRECTOR,
ARKANSAS DEPARTMENT OF
CORRECTION

APPELLEE

Opinion Delivered: February 20, 2020

PRO SE APPEAL FROM THE
JEFFERSON COUNTY CIRCUIT COURT
[NO. 35CV-19-256]

HONORABLE JODI RAINES DENNIS,
JUDGE

AFFIRMED.

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Kelvin Collier appeals from the denial and dismissal of the petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Collier contends that the circuit court erred by finding his convictions were not invalid on the face of the judgments. Collier failed to state a basis for issuance of the writ, and we thereby affirm the decision of the circuit court.

Collier pleaded guilty to first-degree murder, aggravated robbery, residential burglary, and theft of property in Jefferson County for which he was sentenced to an aggregate sentence of 420 months' imprisonment as reflected by a judgment and commitment order file-marked on May 8, 1997.[1]

---

[1]The judgment and commitment order reflects that the 420-month sentence "shall be concurrent with each other and concurrent with any sentence the defendant receives in Desha County."

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Anderson v. Kelley*, 2019 Ark. 6, 564 S.W.3d 516. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been made. *Id.*

A petitioner for a writ of habeas corpus who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained.[2] *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. This court views an issue of a void or illegal sentence as being an issue of subject-matter jurisdiction. *Johnson v. Kelley*, 2019 Ark. 230, 577 S.W.3d 710. A sentence is void or illegal when the trial court lacks the authority to impose it. *Id.* A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Russell v. Kelley*, 2019 Ark. 278, 585 S.W.3d. 658. When a trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

---

[2]Collier brought his petition under Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016), and he did not request relief under Act 1780.

A habeas proceeding does not afford a prisoner an opportunity to retry his case. *Johnson v. State*, 2018 Ark. 42, 538 S.W.3d 819. Claims of error by the trial court that accepted a guilty plea are not within the purview of the remedy because the writ will not be issued to correct errors or irregularities that occurred in a guilty-plea proceeding. *Id.* Unless a habeas petitioner can demonstrate that a sentence is illegal on the face of the judgment and commitment order, there is no showing that the trial court lacked jurisdiction to impose it. *Edwards v. Kelley*, 2017 Ark. 254, 526 S.W.3d 825.

On appeal, Collier argues, as he did below, that the judgments in three counties-- Jefferson County in case numbers CR-96-921 and CR-96-958, Bradley County in case number CR-95-4, and Desha County in case number CR-94-32--reflected the incorrect legal name, which is a "fatal misnomer," making the convictions facially invalid.[3] Regarding the trial court's lack of jurisdiction, Collier further argues that he was entitled to habeas relief because the State knowingly used an alias in order to "illegally, unconstitutionally, and unprecidently (sic) obtain convictions for crimes the Appellant did not commit." In the same vein, Collier claims that the circuit court erred by failing to find that he raised a jurisdictional challenge because the circuit court misapplied *Sanders v.*

---

[3]Collier argues, for the first time on appeal, that because the convictions were the result of plea agreements utilizing an alias, he lacked the ability to "contract" the plea agreements; as such, the "invalidity of the plea agreements creating the convictions caused the convictions to be invalid." Collier also contends that the trial court lacked jurisdiction because the misnomer caused an invalid service of process, and without valid service of process, the trial court does not acquire jurisdiction. This court does not address issues raised for the first time on appeal. *Rasul v. State*, 2015 Ark. 118, 458 S.W.3d 722; *see Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44.

*Straughn*, 2014 Ark. 312, 439 S.W.3d 1 (per curiam), as convictions under an alias do render the conviction illegal. The circuit court did not err in declining to issue the writ.[4]

Collier contends that his name at birth was Kelvin John Collier Clay, and after his mother left him, he had used the name Kelvin Collier and that "it was easy for those in authority to convince him his last name was Collier because, in their official capacities, they were reinforcing an untruth forced upon him his whole life." Collier further contends that because the criminal information contained an error in his name, the error is a jurisdictional issue and that cases such as *Sanders*, 2014 Ark. 312, 439 S.W.3d 1, "d[o] not ban all challenges to the sufficiency of the charging information, or any other claim made by the Appellant, as the [c]ircuit [c]court claimed." Collier's claims are without merit.

A criminal information is sufficient if it names the defendant, the offense charged, the statute under which the charge was made, the court and county where the alleged offense was committed, and if it sets forth the principal language of the statute and the asserted facts constituting the offense. *Beard v. State*, 269 Ark. 16, 598 S.W.2d 72 (1980). Even if the criminal informations in Collier's cases were flawed, the time to challenge the allegedly flawed informations would have been prior to trial or a guilty plea—bearing in mind that Collier admitted he went by the names "Kelvin Collier" or "Kelvin John Collier

---

[4]Collier also contends that the circuit court erred by dismissing and denying his claim for failure to attach a certified copy of his judgment and commitment orders, which rendered his petition defective. Because we affirm on other grounds, there is no need for us to address this issue. *Cosgrove v. City of W. Memphis*, 327 Ark. 324, 938 S.W.2d 827 (1997).

Clay." *See Prince v. State*, 304 Ark. 692, 805 S.W.2d 46 (1991). Collier's challenge to the "misnomer" on the judgment and commitment orders boils down to nothing more than an allegation of trial error and is not the type of defect that implicates the facial validity of a trial court's judgment or jurisdiction, and such an allegation is therefore not cognizable in a proceeding for the writ. *Mister v. Kelley*, 2019 Ark. 187, 575 S.W.3d 410.

To the extent Collier makes an allegation of actual innocence, we have held that claims of actual innocence are effectively challenges to the sufficiency of the evidence and are thus due-process claims that are not cognizable in habeas proceedings. *Stephenson*, 2018 Ark. 143, 544 S.W.3d 44; *see also Philyaw*, 2015 Ark. 465, 477 S.W.3d 503 (Due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court.). A habeas proceeding does not afford a prisoner an opportunity to retry his or her case. *Johnson*, 2018 Ark. 42, 538 S.W.3d 819. The circuit court did not clearly err in declining to issue the writ.

Affirmed.

HART, J., concurs in part and dissents in part.

**JOSEPHINE LINKER HART, Justice, concurring in part and dissenting in part.** I agree that Collier is not entitled to release from prison simply because the judgments got his name wrong. However, I write separately for the reasons stated in *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44 (Hart, J., dissenting). This court's conception of habeas corpus is dated, senselessly narrow, and legally incorrect. The availability of habeas corpus is not limited to the facial invalidity of the confinement order or a wholesale lack of

5

jurisdiction by the issuing court. Our adherence to this dysfunctional view leads to this court issuing opinions with holdings so logically strained as "claims of actual innocence are effectively challenges to the sufficiency of the evidence and are thus due-process claims that are not cognizable in habeas proceedings." Maj. Op. at 5. In short, this court should abandon the "facial invalidity or lack of jurisdiction" rule and simply apply the plain language from the applicable constitutional and statutory provisions.

Concurring in part; dissenting in part.

*Kelvin Collier*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.