Cite as 2022 Ark. 108

# SUPREME COURT OF ARKANSAS

No. CV-22-16

| | |
|---|---|
| TONY FRANKLIN WILSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** May 19, 2022<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-21-476]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>AFFIRMED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Appellant Tony Wilson appeals the circuit court's dismissal of his pro se petition for a writ of habeas corpus that he filed pursuant to article 2, section 11 of the Arkansas Constitution and Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). Wilson alleges that he is actually innocent of the crime for which he was convicted, that his trial counsel was ineffective, and that he was denied due process when this court refused his request for a copy of his trial transcript at public expense. Because Wilson has failed to state a cognizable claim for habeas relief, we affirm.

## I. *Background*

In 1994, a White County jury convicted Wilson of raping his twelve-year-old daughter and sentenced him as a habitual offender to 60 years' imprisonment. This court affirmed his conviction on direct appeal. *Wilson v. State*, 320 Ark. 707, 710, 898 S.W.2d 469, 471 (1995).

## II. *Standard of Review*

This court will only reverse a circuit court's decision on a petition for writ of habeas corpus if it was clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to support it, this court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

## III. *Nature of the Writ*

This court has held that a writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, at 4, 477 S.W.3d 503, 506. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 413, 255 S.W.3d 466, 471 (2007). A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Collier v. Kelley*, 2020 Ark. 77, at 2, 594 S.W.3d 50, 52.

Under our statute, a petitioner for the writ who alleges his actual innocence must demonstrate that he is entitled to scientific testing to prove actual innocence. *See* Ark. Code Ann. § 16-112-202 (Repl. 2016). Otherwise, the petitioner must plead either the facial invalidity of the judgment or the lack of jurisdiction by the circuit court and make a showing by affidavit or other evidence of probable cause to believe that the petitioner is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1). Unless the petitioner can show that the circuit

court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a writ of habeas corpus to issue. *Fields v. Hobbs*, 2013 Ark. 416, at 5.

This court views an issue of a void or illegal sentence as one of subject-matter jurisdiction. *Johnson v. Kelley*, 2019 Ark. 230, at 3, 577 S.W.3d 710, 712. A sentence is void or illegal when the circuit court lacks authority to impose it. *Id.* In Arkansas, sentencing is entirely a matter of statute, and this court has consistently held that sentencing shall be in accordance with the statute in effect at the time of the commission of the crime. *Id.* When the law does not authorize the particular sentence, that sentence is illegal. *Id.*

IV. *Claim for Relief*

Wilson alleged in his petition filed below that he is actually innocent and reasserts his claim of innocence on appeal. While his petition also alleged ineffective-assistance-of-counsel and equal-protection claims, he has abandoned those claims on appeal. *See Owens v. Payne*, 2020 Ark. 413, at 1, n.1, 612 S.W.3d 169, 171, n.1. As an initial matter, the circuit court correctly noted that it lacked jurisdiction to consider an actual-innocence claim that must be brought in the county where the petitioner was convicted rather than the county where the petitioner is incarcerated. *See* Ark. Code Ann. § 16-112-201(a)(1). In any event, Wilson does not raise a cognizable claim for either avenue of habeas relief.

Wilson does not assert entitlement to scientific testing as required by section 16-112-202 but instead relies on the recanted testimony of the victim and federal case law in support of his actual-innocence claim. This court has specifically declined to broaden the reach of habeas relief by looking beyond the face of the judgment and considering claims of actual

3

innocence based on federal habeas standards. *Leach v. Kelley*, 2020 Ark. 200, at 3, 600 S.W.3d 568, 570.

Furthermore, Wilson's claim of actual innocence effectively challenges the sufficiency of the evidence and is therefore not a cognizable habeas claim. *McArthur v. State*, 2019 Ark. 220, at 4, 577 S.W.3d 385, 388. A habeas proceeding is not a substitute for either direct appeal or postconviction relief. *See id.* A review of the judgment and commitment order contained in the direct-appeal record[1] demonstrates that Wilson was sentenced as a habitual offender to an extended term of 720 months' or 60 years' imprisonment pursuant to Arkansas Code Annotated section 5-4-501 (Repl. 1993). When Wilson committed the crime of rape, a habitual offender who had committed at least one previous felony was subject to an extended sentence of sixty years if subsequently convicted of a Class Y felony. *See* Ark. Code Ann. § 5-4-501. Wilson does not allege or provide any evidence that the judgment is illegal on its face or that the circuit court lacked jurisdiction to convict and sentence him.

Lastly, Wilson argues that the circuit court clearly erred when it denied his petition without a hearing. A hearing is not required on a habeas petition, however, when probable cause for issuance of the writ is not shown by affidavit or other evidence. *Jackson v. Kelley*, 2020 Ark. 251, at 4–5, 602 S.W.3d 739, 742. For the reasons set forth above, Wilson failed to demonstrate probable cause for the issuance of the writ, and the circuit court was not required to hold a hearing on his petition. *Id.*

---

[1]This court may take judicial notice in postconviction proceedings of the record on direct appeal without need to supplement the record. *Jones v. Kelley*, 2020 Ark. 290, at 5, n.2.

Affirmed.

*Tony Franklin Wilson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.