2014 Ark. App. 182

**Juan Carlos MARTINEZ, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR–13–129.**

Court of Appeals of Arkansas.

March 12, 2014.

Rehearing Denied April 23, 2014.

The Lane Firm, Little Rock, by: Jonathan T. Lane, for appellant.

Dustin McDaniel, Att'y Gen., by: LeaAnnJ. Adams, Ass't Att'y Gen., for appellee.

WAYMOND M. BROWN, Judge.

Appellant Juan Martinez was convicted in the Benton County Circuit Court of second-degree sexual assault involving his then four-year-old stepgranddaughter, L.H. He was sentenced to twenty years' imprisonment. Appellant argues that the trial court erred by allowing the State to amend the information charging him with rape to include the charge of second-degree sexual assault after the State had rested its case. More specifically, he argues that the amendment changed the nature of the crime charged and that it unfairly surprised him. We agree and reverse and dismiss appellant's conviction.[1]

The State filed a criminal information on December 15, 2011, charging appellant with rape, pursuant to Arkansas Code Annotated section 5–14–103(a)(1)(C). In the information, the State alleged, "to wit: On or about October 3, 2011, the defendant engaged in sexual intercourse and /or deviate sexual activity with L.H., a minor under the age of fourteen (14) in Benton County, Arkansas, against the peace and dignity of the State of Arkansas." Appellant waived his right to a jury trial, and his bench trial took place on October 16, 2012.

At the trial, Ana Calderon, L.H.'s mother, testified that appellant is her mother's husband. She stated that she went to visit her mother on October 3, 2011, at the home her mother shared with appellant. Calderon said that she took L.H. with her because appellant wanted to see "the baby." She testified that at some point she and her mother went out to get lunch and left L.H. in appellant's care. According to Calderon, they were gone between thirty and forty minutes. She stated that after she and L.H. arrived home, she gave L.H. a bath. During the bath, L.H. informed her that she was hurting in her vaginal area and that appellant had touched her down there. Additionally, Calderon stated that she noticed a little blood when L.H. went to the bathroom.

Detective Larry Taylor testified that he worked for the Rogers Police Department, and that on October 3, 2011, he worked the case involving appellant. His testimony

---

1. This is the second time that this case has been before us. We originally ordered rebriefing due to deficiencies in appellant's brief, abstract, and addendum. *See Martinez v. State*, 2013 Ark. App. 557, 2013 WL 5509167.

reiterated the report of the incident from Calderon. The investigative report from Calderon was consistent with her trial testimony. According to Detective Taylor, Calderon said that L.H. told her that appellant touched her with his finger. Detective Taylor testified that he talked to appellant the next morning, and appellant denied the allegations. He stated that appellant |₃said that L.H.'s injuries must have been the result of him bouncing her on his knee or something. Detective Taylor said that when he talked to appellant a second time, appellant admitted to wiping L.H. after she used the restroom. Detective Taylor testified that he obtained an arrest warrant and arrested appellant after further investigation revealed that semen had been located on the anal swab from L.H. and also in her underwear.

Stacie Wassell, a forensic serologist of the Arkansas State Crime Lab, testified that she found semen in L.H.'s rectal swabs and underwear. Kelly Wells, a forensic DNA examiner with the Arkansas State Crime Lab, testified that appellant's DNA was found in L.H.'s underwear.

The State attempted to call L.H. as a witness, but the court found that she was not competent to testify after she did not identify appellant in the courtroom. At that point the State rested. Appellant made a motion to dismiss the charge against him, arguing that the State failed to put on evidence of penetration.[2] Before ruling on the motion, the following colloquy took place:

> MR. CEARLEY: Clearly there is a lesser included offense of sexual assault in the second degree. There is uncontroverted testimony the child told her mother that her grandpa, Juan Carlos Martinez, touched her in the private area, caused her pain. The mother actually noted some bleeding after that, and in the child's underwear, and inside her rectum there was semen found. That semen in her underwear was identified as being the semen of Mr. Juan Carlos |₄Martinez. That is sufficient evidence, Your Honor, to convict Mr. Martinez of sexual assault in the second degree.

> MR. McELVEEN: Your Honor, I would argue against that. First, he is not charged with sex[ual] assault second, and that is not a lesser included offense of the charge of rape.

. . . .

> MR. CEARLEY: We can amend to conform to the proof, and in this fact scenario we would ask that you convict him of sexual assault in the second degree.

> THE COURT: . . . It is my understanding that [the] State is moving to amend the information?

> MR. CEARLEY: That's correct. We would like to add count two, sex assault, second degree, a class B felony, in violation of Ark.Code Ann. § 5–14–125.

> THE COURT: Mr. McElveen?

> MR. McELVEEN: We would object. I believe that such an amendment does change the nature, or if not the nature, at least the degree of the offense charged, and provides at least some degree of surprise to the defense. I would ask for a ruling on that objection.

> THE COURT: Do you have any authority for that?

> MR. McELVEEN: No Your Honor.

**2.** Ark.Code Ann. § 5–14–103(a)(3)(A) (Supp. 2011) provides that a person commits rape if he engages in "sexual intercourse" or "deviate sexual activity" with another person who is less than fourteen years of age. By definition both "sexual intercourse" or "deviate sexual activity" require penetration. See Ark. Code Ann. § 5–14–101 (Supp.2011).

THE COURT: I don't find there is any surprise to the defendant as to the underlying facts for this offense and it is of the same nature. It would be reducing it from a rape, class Y felony to the lower charge of sex assault second degree, a class B felony.

Mr. Cearley, your response to the argument that it is changing the nature and degree?

MR. CEARLEY: I agree with the Court. It is clearly the same operative facts. It is not changing the nature. There is case law that states the State can add a kidnapping charge if on the face of the information that the defense has, the charge of kidnapping could be supported. So the State could even bring a brand new charge of a different nature if it was still within those operative facts.

THE COURT: I've ruled there is no surprise. We are looking now at whether it changes the nature or degree.

MR. CEARLEY: I think it doesn't, and it has to be both.

THE COURT: Mr. McElveen, do you have any authority for your proposition, Sir?

MR. MCELVEEN: I'm not familiar with *Rueda*, but the essence of this case is penetration and that does distinguish it from what the amendment on this is. It is a surprise as far as they are not going with the full elements of what they proceeded with initially.

MR. CEARLEY: There is no surprise. The information has been there all along that child told mother that grandpa touched her privates and caused pain. The information has been there since January that semen was found on the rectal swabs and underwear. That has always been the information in this case.

THE COURT: That information was in the probable cause affidavit.

MR. MCELVEEN: That is true, Your Honor. However, had we known we were facing a different set of elements prior to the State resting their case in this matter, we probably would have prepared a defense along those lines to encompass both these charges. There are additional elements that we would have to defend against.

THE COURT: I'm going to do a bit of research. We are in recess.

Ark.Code Ann. § 16–85–407 permits the prosecuting attorney to amend the information as to matters of form or to file a bill of particulars with leave of the Court; however, it may not be amended to change the nature of the crime charged or the degree of the crime charged.

In research, I see that in *Green v. State*, a 2012 case, in which the Supreme Court discussed whether the amending of a criminal information was changing the nature of the charges. It was not a rape but more along the lines of terroristic threatening and kidnapping but somewhat similar to the case at hand and therein they concluded it didn't change the nature of the charges. In that case the amendment changed the manner of the kidnapping and I do think that's somewhat analogous to the situation here. It is changing the manner of the offense as charged from—by the amendment and adding the additional charge of sexual assault in the second degree of Ark.Code Ann. § 5–14–125, a class B felony. I'm going to grant leave of the Court to allow the amendment to the criminal information.

Appellant moved to dismiss both charges. The court granted appellant's motion to dismiss the rape charge. The

court then told appellant's attorney to call his first witness. At that time, his attorney stated, "Mr. Martinez had originally planned on testifying; however, given these changes that had just transpired here he would like now to assert his Fifth Amendment right and not take the stand. We don't have any other witnesses for our case in chief." Appellant renewed his motion to dismiss the charge of second-degree sexual assault. The court denied the motion and subsequently found appellant guilty. He was sentenced to twenty years' imprisonment. The sentencing order was filed on October 31, 2012. Appellant filed a notice of appeal on November 14, 2012. This timely appeal followed.

■ Appellant argues that the trial court erred by allowing the State to amend the information to include the charge of second-degree sexual assault because the amendment changed the nature of the crime charged and it unfairly surprised him.

■ The State is entitled to amend an information at any time prior to the case being submitted to the jury. There are three exceptions to this rule. Amendments that change the |₇nature or the degree of the charge or create unfair surprise are prohibited.[3] With regard to the first two exceptions, an amendment does not change the nature or degree of the criminal offense when it addresses only the manner of the alleged commission of the crime.[4] With regard to the third exception, a defendant must also show that the amendment resulted in prejudice through unfair surprise.[5] Prejudice is not shown where a defendant fails to move for a continuance or fails to claim surprise after he is put on notice that the State plans to amend the information.[6]

Appellant claims that the amendment was improper because it changed the nature of the charge and unfairly surprised him. In support of this argument, appellant cites *Harmon v. State*.[7] In *Harmon*, the information originally charged that the appellant committed capital-felony murder in the course of a kidnapping. After the jury was sworn, the circuit court allowed the State to amend its information to alternatively charge that the appellant committed capital-felony murder in the course of a robbery.[8] Our supreme court reversed, |₈concluding that the amendment was not permissible in the absence of any notice to the appellant that he was required to defend an essentially different charge.[9]

In the instant case, the State argues that there was no unfair surprise to appellant and that the amendment did not change the nature of the offense charged.[10]

---

3. *E.g., Phavixay v. State,* 2009 Ark. 452, 352 S.W.3d 311; *see also* Ark.Code Ann. § 16–85–407(b) (Repl.2005).

4. *Green v. State,* 2012 Ark. 19, 386 S.W.3d 413.

5. *Walker v. State,* 2012 Ark. App. 61, 389 S.W.3d 10.

6. *Hill v. State,* 370 Ark. 102, 257 S.W.3d 534 (2007).

7. 277 Ark. 265, 641 S.W.2d 21 (1982), *overruled on other grounds by White v. State,* 290 Ark. 130, 717 S.W.2d 784 (1986).

8. *Id.*

9. *Id.*

10. When the State sought the amendment, it argued that second-degree sexual assault was a lesser-included offense of rape. However, the State now concedes that second-degree sexual assault is not a lesser included offense of rape. *See Webb v. State,* 2012 Ark. 64, 2012 WL 503885 (Second-degree sexual assault is not a lesser-included offense of rape of a person less than fourteen years of age because second-degree sexual assault requires proof of additional elements that rape does not.).

It further argues that even if the nature of the offense was different, appellant failed to demonstrate prejudice. We disagree. Although the State laid out the facts leading to appellant's arrest in its affidavit of probable cause, it made the decision to charge appellant with rape, which had, as an essential element, penetration. The appellant came prepared to defend against this essential element of penetration. Appellant did not learn that the State intended to amend the information until after the State had presented its case and appellant made a motion to dismiss for failure to prove penetration. By this time, the State's witnesses had been able to testify, without objection from appellant, to acts that did not go to the elements of appellant's rape charge. After the amendment, appellant invoked his right not to testify. Under these facts, we agree that appellant was unfairly surprised by the amendment. We also agree that the amendment changed the nature of the offense charged. The elements of the crimes were different, and appellant essentially had to defend a different charge.[11]

Additionally, appellant was prejudiced by the amendment. Although he did not seek a continuance, he claimed unfair surprise. He was subsequently found guilty of second-degree sexual assault and sentenced to the maximum sentence allowed for a Class B felony, twenty years' imprisonment. We hold that the trial court committed reversible error by allowing the State to add the charge of second-degree sexual assault to the information at trial, after the State had rested its case. Accordingly, we reverse and dismiss appellant's conviction.

Reversed and dismissed.

WHITEAKER and VAUGHT JJ., agree.

GLADWIN, C.J., concurs.

GRUBER and WOOD, JJ., dissent.

ROBERT J. GLADWIN, Chief Judge, concurring.

While I agree with the majority opinion, I am compelled to write separately. The dissent suggests that this case is decided on a technicality. The Due Process Clause of the Fourteenth Amendment of the United States Constitution is not a technicality. It is, in fact, one of the cornerstone principles that sets our justice system apart from much of the rest of the world. The State must prove each and every element of the offense beyond a reasonable doubt. To do otherwise would be a violation of the Due Process Clause. *See Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). In *Hagen v. State*, 315 Ark. 20, 23, 864 S.W.2d 856, 857 (1993) (quoting *Schad v. Arizona*, 501 U.S. 624, 633, 111 S.Ct. 2491, 115 L.Ed.2d 555, (1991), and *Speiser v. Randall*, 357 U.S. 513, 524, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958)), our supreme court reiterated, "Quite possibly one's right to be informed of a charge is that type of fundamental right that cannot be reviewed for harmless error since the right to notice of a charge is 'so rooted in the

---

11. Ark.Code Ann. § 5–14–103(a)(3)(A) (Supp. 2011) provides that a person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. A person commits sexual assault in the second degree under Ark.Code Ann. § 5–14–125(a)(3) (Supp. 2011) if he is eighteen years of age or older and engages in sexual contact with another person who is not his spouse and is less than fourteen years of age. Sexual contact is defined as "any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of any person or the breast of a female." Ark.Code Ann. § 5–14–101(9) (Supp.2011).

traditions and conscience of our people as to be ranked as fundamental.' "

In the present case, the information filed by the State accused appellant of rape; specifically that he engaged in sexual intercourse and/or deviate sexual activity with L.H., a minor under the age of fourteen. Thus, the State had to prove that L.H. was under fourteen years of age and that appellant engaged in sexual intercourse or deviate sexual activity with her. The fact that L.H. was under fourteen is undisputed and was not an issue at trial. The sole element that appellant could defend was whether he engaged in sexual intercourse or deviate sexual activity with L.H. Sexual intercourse is defined by our legislature as "penetration, however slight, of the labia majora by a penis." Ark.Code Ann. § 5–14–101(11) (Repl.2013). Deviate sexual activity is defined by our legislature as "any act of sexual gratification involving, (A) the penetration, however slight, of the anus or mouth of a person by the penis of another; or (B) the penetration, however slight of the labia majora or anus of a person by any body member or a foreign instrument manipulated by another person." Ark.Code Ann. § 5–14–101(1). Simply put, the State alleged and had to prove that L.H. had been penetrated by appellant, and appellant was required to defend this allegation.

After the State rested, the trial court allowed it to amend the information by adding the charge of sexual assault in the second degree. Our legislature has stated that all forms of sexual assault in the second degree include the element of sexual contact. Ark.Code Ann. § 5–14–125 (Repl.2013). Sexual contact is defined by our legislature as "any act of sexual gratification involving the touching, directly or through the clothing, of the sex organs, buttocks, or anus of a person or the breast of a female." Ark.Code Ann. § 5–14–101(10). This offense has no required element of penetration. The dissent is incorrect when it states that rape and sexual assault in the second degree are the same because they are both illegal acts of a sexual nature. Simply stated, the proposition that "sex is sex" is not supported by the definitions prescribed by our legislature. Appellant was put on notice that he had to defend against penetration, not touching; not until after the State had rested was he informed that he would have to defend against touching. This is clearly unfair surprise and a violation of the Due Process Clause.

The dissent cites *Jones v. State*, 275 Ark. 12, 627 S.W.2d 6 (1982), to support the proposition that the State could amend the information from rape to sexual assault in the second degree without changing the nature of the offense. That reliance is misplaced, as the charges filed against the defendant in *Jones* did not change. In *Jones*, the defendant was charged with aggravated robbery and kidnapping. The information that charged him with kidnapping alleged that the defendant had unlawfully restrained the victim so as to interfere substantially with her liberty for the purpose of engaging in sexual intercourse or deviate sexual activity. *Id.* The information was amended at the close of the State's case to include, in the words of the statute, specifically, that the defendant proposed to engage in "sexual contact" with the victim. *Id.* Here the amendment changed only the manner in which the offense had been committed and did not change the nature of the offense charged. *Id.* In *Jones*, the idea that "sex is sex" is appropriate because the charge was kidnapping, and that charge remained in place. The amendment did not change the nature of the crime, that being the unlawful restraint of the victim. It changed only the intended purpose of that restraint, to engage in some type of sexual act. There-

fore, it made no difference if the defendant's purpose had been to penetrate the victim or to touch her for sexual gratification, it was still kidnapping.

Based on the original rape charge, appellant was on notice that he had to be concerned about defending the element of penetration, not whether he had touched the victim. Inexplicably, the State chose to rely on the testimony of a four year old in the presentation of its case, with no apparent contingency plan should this young child not be qualified to testify, as was the ultimate decision of the trial court. Had appellant known that he would have to defend a completely different offense with the element of touching, it is clear that his defense strategy would have been different. Much of the evidence that appellant allowed to be introduced without objection under the rape charge would likely have been thoroughly scrutinized had appellant known that the charge would be amended to sexual assault in the second degree. In no way can that type of surprise be cured once the State has rested.

What the trial court did by allowing the State to amend the information went beyond allowing it to reopen the case to supply a missing piece of evidence as to one of the elements of the rape charge. It allowed the State to side-step its duty to meet its burden of proof on each and every element of the offense charged, to substitute a wholly different offense with different elements, and to benefit from testimony already in the record that appellant was not prepared to defend against.

The Due Process Clause of the Fourteenth Amendment protects every citizen of this nation from being summarily arrested and convicted. It is one of the great strengths of our criminal justice system. It is not a technicality. As difficult as the holding in this case may be, it would be far worse to disregard the United States Constitution.

RHONDA K. WOOD, Judge, dissenting. The majority reverses a sexual-assault conviction on the basis that the circuit court erred by allowing the State to amend the information from rape to sexual assault, second degree, following the State resting its case. As the majority notes, the State can amend the information at any time prior to the case being submitted to the jury so long as the amendment does not change the nature or degree of the offense or create unfair surprise. *Hill v. State*, 370 Ark. 102, 257 S.W.3d 534 (2007). In my view, the State was permitted to amend because the amendment did not change the nature of the charge and did not create unfair surprise.

First, adding a charge of sexual-assault in the second degree to an existing rape charge does not change the nature of the charge. There is no precedent in case law that defines "nature" in this context. According to Black's Law Dictionary, "nature" is the "fundamental quality that distinguished one thing from another; the essence of something." *Black's Law Dictionary* 1056 (8th ed.2004). The essence of a rape charge and a sexual-assault charge are the same—they are both illegal acts of a sexual nature. Further, in this instance, both involved sex crimes perpetrated by an adult on a minor child.

When considering the nature of the charge, our supreme court has distinguished between the manner the crime was committed and the nature of the crime itself. In *Jones v. State*, 275 Ark. 12, 627 S.W.2d 6 (1982), the court permitted the State to amend a kidnapping charge from one that required proof that the victim was restrained for the purpose of "engaging in sexual intercourse or deviate sexual activity" to one with the purpose of engaging in

"sexual contact" with the victim. The court held that the amendment changed only the manner in which the alleged offense was committed and did not change the nature of the offense charged. As in *Jones,* this amendment altered the element requiring proof of "sexual intercourse or deviate sexual activity" (rape) to "sexual contact" (sexual assault), which only changed the manner in which the appellant had inappropriate sexual contact with his minor granddaughter. The amendment did not change the nature of the act.

In addition, there are a multitude of cases where our supreme court has allowed amendments where the nature of the charge changed more dramatically than in the present case. *See, e.g., Stewart v. State,* 338 Ark. 608, 999 S.W.2d 684 (1999) (allowing an amendment of aggravated robbery to a capital-murder charge); *Flanagan v. State,* 368 Ark. 143, 243 S.W.3d 866 (2006) (affirming the amendment adding accomplice language); *DeAsis v. State,* 360 Ark. 286, 200 S.W.3d 911 (2005) (affirming the amendment adding the charge of arson to a capital-murder charge).

Despite the above cases, the majority cites *Harmon v. State,* 277 Ark. 265, 641 S.W.2d 21 (1982), to support its contention that the amendment changed the nature of the crime. In *Harmon,* the original charge was capital felony murder. The court reversed a decision allowing the State to amend the underlying felony from kidnapping to robbery. The court noted that it could not support that a defendant was being sentenced to death on a charge added the morning of trial. This is noticeably different from our current case: kidnapping and robbery are two vastly different crimes compared with rape and sexual assault.

Second, the amendment did not create unfair surprise. The majority contends that it was too late in the proceeding to amend because the State had already rested; however, the law permits amendments up until the point that the case is submitted to the trier of fact. *See Hill, supra.* The past cases dealing with the issue of unfair surprise have concentrated on determining whether the evidence presented and the factual allegations related to the amended charge would have surprised the defendant with less focus on the timing of the amendment. *See, e.g., DeAsis, supra* (affirming the amendment adding the charge of arson to a capital-murder charge when the record clearly referenced a fire); *Stewart, supra* (allowing an amendment of aggravated robbery to a capital-murder charge when the original information clearly set out facts supporting the charge).

Likewise, the allegations here were not new to appellant. The very first pleading in the file is the "Facts Constituting Probable Cause." It contains the allegation and the facts presented at trial supporting appellant's conviction of sexual assault. Appellant cannot in good conscience claim surprise that he would have to defend the allegation that he had sexual contact with L.H. when that was the allegation from the start of the case. There was no new evidence presented at trial to surprise appellant; rather, there was only the absence of an element supporting the charge of rape.

To conclude, the circuit court did not err by allowing the State to amend the charges in this case. Our supreme court has held that the purpose for allowing such amendments is to "simplif[y] procedure and eliminate some technical defenses by which an accused might escape punishment." *State v. Brown,* 283 Ark. 304, 306, 675 S.W.2d 822, 824 (1984). The majority's decision allows appellant to go free on a dubious "technical defense." *Id.* This is

precisely the type of case where an amendment is appropriate. Therefore, I dissent.

GRUBER, J., joins.