--------
RITA W. GRUBER, Chief Judge *459 Appellant Joshua Curl appeals from his conviction by a jury of first-degree murder with a firearm enhancement for which he was sentenced to twenty years' imprisonment for first-degree murder and an additional fifteen years for the enhancement. For reversal, appellant argues that the State failed to negate justification and the amended information should have been quashed. We affirm.
On January 3, 2017, appellant and his fiancée, Ashley Medlock (Ashley), went to his uncle's funeral in McCrory, Arkansas. Ty Curl (Ty) and the victim, Michael Gimondo (Michael) rode back to Bald Knob with appellant and Ashley. Appellant dropped Ty in Searcy for a job interview on the way. Once in Bald Knob, appellant pulled into Derrek Curl's (Derrek's) driveway and went inside appellant's camper[1] to get medicine before dropping off Michael. Derrek called appellant to ask why he was parked in his driveway, and Michael answered the phone. Michael was the boyfriend of Derrek's ex-wife, Jessica Curl. Michael asked Derrek with whom Jessica was cheating on him. Derrek said he didn't know. While still on the phone, Michael said, "I'm going to fu* * * * * kill you," and then exited the truck and ran toward Derrek's house.
Appellant yelled for Michael to stop, but he did not. Appellant retrieved his gun from the center console of his vehicle and fired a warning shot in the air. Michael turned around and said, "I'll just come fu* * * * * kill you and your bitch," and started coming toward appellant. Appellant then shot Michael multiple times.
For his first point on appeal, appellant contends that the evidence is insufficient to support his conviction of first-degree murder because the State failed to negate his defense of justification. The State responds that appellant's sufficiency argument is not preserved, and we agree.
It has been consistently held that Arkansas Rule of Criminal Procedure 33.1 requires that an appellant move for a directed verdict at the close of the State's evidence and again at the close of all the evidence and that the failure to do so waives a challenge to the sufficiency of the evidence on appeal. Dickey v. State , 2016 Ark. 66, at 3, 483 S.W.3d 287, 288-89 ; see also Draft v. State , 2016 Ark. App. 216, 489 S.W.3d 712. While appellant moved for a directed verdict at the close of the State's case, he failed to renew his motion for a directed verdict at the close of all the evidence. Therefore, we hold that appellant's challenge to the sufficiency of the evidence is not preserved for review on appeal.
For his second point, appellant contends that the trial court erred in denying his motion to quash the amended information. On January 24, 2017, appellant was charged with second-degree murder. An amended information was filed on October 27, 2017, charging appellant with first-degree murder and adding a firearm enhancement under Ark. Code Ann. § 16-90-120 (Repl. 2016). Appellant filed a motion to quash the amended information, alleging in part that it was in violation of Ark. Code Ann. § 16-85-407 (Repl. 2005). The trial court denied the motion at a pretrial hearing on November 6, 2017. The court found that although the amended information violated the statute, it was filed forty-five *460 days before trial, which was sufficient notice, and that appellant was not prejudiced.
Appellant acknowledges in his argument that the only issue is one of prejudice. He contends that the "11th hour" amendment was prejudicial because his counsel had been preparing for a second-degree-murder trial for five months. Prejudice will not be presumed when a defendant fails to move for a continuance or claims surprise after the defendant is put on notice that the State plans to amend an information. Hoover v. State , 353 Ark. 424, 429-30, 108 S.W.3d 618, 621 (2003). We see no prejudice resulting from the amendment and will not reverse a conviction in the absence of some showing of prejudice. Holloway v. State , 312 Ark. 306, 313, 849 S.W.2d 473, 477 (1993).
Affirmed.
Appellant lived in a camper parked on Derrek's property.