Cite as 2024 Ark. App. 200

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-23-131

| | |
|---|---|
| JASON ADKINS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered March 13, 2024<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72CR-20-282]<br><br>HONORABLE MARK LINDSAY, JUDGE<br><br><br>AFFIRMED |

## MIKE MURPHY, Judge

Appellant Jason Adkins was convicted of four counts of first-degree sexual assault in the Washington County Circuit Court. He was sentenced to twenty years' imprisonment for each of the four counts, totaling eighty consecutive years. On appeal, he argues that the trial court erred by denying his motion for continuance and allowing the State to amend the information from rape to first-degree sexual assault six days before trial. We affirm.

Only a brief procedural history is necessary. On February 3, 2020, the State filed a criminal information charging Adkins with one count of rape, pursuant to Arkansas Code Annotated section 5-14-103(a)(4)(A)(i) (Supp. 2023). That specific subsection charged Adkins with engaging in sexual intercourse or deviate sexual activity with M.C. while he was her guardian. Adkins was married to M.C.'s mother from 2011 to 2018. M.C. asserted that

Adkins had raped her multiple times while she was between the ages of fourteen and seventeen.

On April 28, 2022, an amended felony information was filed charging Adkins with six counts of rape. On May 5, the State filed a second amended information charging Adkins with two counts of rape and four counts of first-degree sexual assault in violation of Arkansas Code Ann section 5-14-124(a)(1)(D) (Supp. 2023 (effective until Jan. 1, 2024)). That specific subdivision states that the defendant engaged in sexual intercourse or deviate sexual activity with another person who was a minor and he was in a position of trust or authority over the minor.

That same day Adkins moved to strike the information or, alternatively, for a continuance, arguing that the amended information filed less than a week before trial failed to provide him with adequate notice to properly mount a defense. In response, the State asserted that it amended the charges after Adkins divorced M.C.'s mother and moved out of the residence, which changed the nature of the relationship. The State argued this was a fact known to the defense since the pendency of the case. The court denied the motion, and the case proceeded to trial on May 11, 2022.

Adkins was acquitted on the two counts of rape but was found guilty of the four counts of first-degree sexual assault. He now appeals. On appeal, Adkins argues that the court abused its discretion by denying his motion to strike or, alternatively, for a continuance because he suffered unfair surprise and prejudice by the amendment of the criminal information six days prior to trial.

A circuit court shall grant a continuance only upon a showing of good cause and only for as long as is necessary, taking into account not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case. Ark. R. Crim. P. 27.3 (2011). The standard of review for alleged error resulting from the denial of a motion for continuance is abuse of discretion. *Green v. State*, 2012 Ark. 19, at 3, 386 S.W.3d 413, 415. Absent a showing of prejudice by the defendant, we will not reverse the decision of the circuit court. *Id.* When a motion to continue is based on a lack of time to prepare, we will consider the totality of the circumstances. *Id.*

The State is entitled to amend an information at any time prior to the case being submitted to the jury as long as the amendment does not change the nature or the degree of the offense charged or create an unfair surprise. *Carter v. State*, 2015 Ark. 166, at 6, 460 S.W.3d 781, 788. Even if there is a change in the nature or degree of the offense, this court will analyze whether there was adequate notice and whether the defendant was prejudiced. *Id.*

Adkins makes no convincing argument that he was prejudiced or surprised, and our review of the record confirms that there is no prejudice or surprise in this case. Here, both "rape" and "first degree sexual assault" are found within the chapter setting out sex offenses. Both before and after the amendment, Adkins was charged with engaging in "sexual intercourse or deviate sexual activity." While first-degree sexual assault is not a lesser included offense of rape, the only variation was that the rape counts required proof that Adkins was M.C.'s guardian, and the sexual-assault charges only demanded proof that he fell in the

3

broader category of "position of trust or authority" over M.C. Additionally, rape is a Class Y felony, which carries with it a possibility of a life sentence, while first-degree sexual assault is a Class A felony, which carries a lesser sentence of up to thirty years. Ark. Code Ann. § 5-4-401(a)(1), (2) (Repl. 2013) (sentences for Class Y and Class A felonies); Ark. Code Ann. § 5-14-103(c)(1) (classifying rape); Ark. Code Ann. § 5-14-124(d) (classifying sexual assault). Given that the probable-cause affidavit discussed multiple sexual encounters and Adkins knew his relationship with M.C., it is difficult to imagine how Adkins would be surprised.

The sort of amendment that creates prejudice was discussed in *Martinez v. State*, 2014 Ark. App. 182, 432 S.W.3d 689. Martinez was charged with rape under Arkansas Code Annotated section 5-14-103(a)(3)(A) (Supp. 2011), which provides that a person commits rape if he engages in "sexual intercourse" or "deviate sexual activity" with another person who is less than fourteen years of age. By definition, both "sexual intercourse" and "deviate sexual activity" require penetration. Ark. Code Ann. § 5-14-101. Martinez was tried to a jury, and the trial court allowed the State to amend the charge to sexual assault in the second degree after it had put on all of its proof but had failed to prove penetration. The sexual-assault statute to which the court reduced the charge required only sexual contact (excluding penetration) with a victim under the age of fourteen.

In *Martinez*, the common element of the two charges was the age of the victim, which was not in dispute. The only issue in dispute was whether penetration had occurred. We held that the court erred in reducing the charge to be submitted to the jury after the State had rested and not proved the essential element of penetration that differentiated the two

charges. We reasoned that the amendment changed the nature of the offense charged and resulted in unfair surprise because Martinez was on notice to defend against a charge that included only the element of penetration.

Unlike the amendment in *Martinez*, the amendment in the case at bar occurred six days before trial, and the common element was the action of whether he engaged in "sexual intercourse or deviate sexual activity." Additionally, the relationship aspect effectively remained unchanged because, even after the divorce, M.C. and Adkins had remained close.

Further, the amendment did not impair Adkins in putting on his defense since he generally denied all the allegations. On appeal, he fails to articulate how his defense would have changed or how it was affected.

Consider *Green v. State*, 2012 Ark. 19, 386 S.W.3d 413. In *Green*, the day before trial, the court found no prejudice in allowing the State to amend the charges from rape with a victim under fourteen to rape by forcible compulsion. On appeal, the appellant argued that he was prejudiced by the late amendment because it did not give him enough time to prepare his defense—specifically, whether he would testify in his own defense to refute the additional element of "forcible compulsion." In affirming the conviction, the supreme court found "it highly unlikely that [the appellant] would have chosen to defend himself by testifying that the victim, a seven-year-old girl, consented to engaging in sexual acts with him." 2012 Ark. 19, at 5–6, 386 S.W.3d at 416. Similarly, Adkins could not articulate a defense strategy, considering the major factual allegations remained unchanged.

Moreover, Adkins cannot demonstrate he was prejudiced by the denial of his continuance request because he did not receive the maximum sentence. A sexual-assault charge carries a sentencing range of six to thirty years' imprisonment. The jury sentenced Adkins to twenty years on each count, eighty years in total. The circuit court ordered that these terms run consecutively. A defendant who receives a sentence within the statutory range, short of the maximum sentence, cannot show prejudice from the sentence itself. *Ward v. State*, 97 Ark. App. 294, 296, 248 S.W.3d 489, 492 (2007).

Under these facts, we cannot say Adkins was unfairly surprised or prejudiced by the amendment. Accordingly, it was not reversible error for the court to allow the State to add the charges of first-degree sexual assault and deny his motion for a continuance.

Affirmed.

HARRISON, C.J., and WOOD, J., agree.

*Graves Law Firm*, by: *Josie N. Graves*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.