Cite as 2024 Ark. App. 624

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-24-293

| | | |
|---|---|---|
| DAION MOREHEAD | | |
| | APPELLANT | Opinion Delivered December 11, 2024 |
| V. | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-21-860] |
| STATE OF ARKANSAS | | HONORABLE RALPH C. OHM, |
| | APPELLEE | JUDGE |
| | | AFFIRMED |

**MIKE MURPHY, Judge**

A Garland County Circuit Court jury found appellant Daion Morehead guilty of two counts of rape and two counts of second-degree sexual assault. Morehead was sentenced to thirty years on each rape conviction, to be served consecutively; and twenty years on each sexual-assault conviction, to be served concurrently with the other sentences, for a total of sixty years' imprisonment. In challenging his conviction on appeal, Morehead contends the trial court erred in allowing the State to file an amended information two business days before trial and in allowing the introduction of photographs found on Morehead's phone that were in the possession of the State for more than two years but were not produced until two business days before trial. We affirm.

Morehead was arrested on October 7, 2021, and charged with separate incidents of raping two children: M.C.1, who was eight years old at the time, and M.C.2, who was ten. The incidents were alleged to have happened between October 2020 and October 2021. Originally filed as separate cases, the rape charges were joined for a jury trial.

On January 5, 2024, two business days before trial, the State amended the information to add a count of second-degree sexual assault as to each minor victim. Morehead moved to quash the amended information on the basis that it was unfair because it was untimely. He alleged the State was aware of the evidence supporting the charges but had waited two years to file the amended information just prior to trial. In the alternative, he moved to sever the new counts.

During a pretrial hearing on the morning of trial, the prosecuting attorney argued that the State had the right to amend the information. The State contended that the new charges stemmed from the same facts and that Morehead could not claim surprise because the original probable-cause affidavits and 2021 victim interviews had disclosed this information. The trial court permitted the State to proceed to trial on the amended charges and denied the motion to sever.

Morehead also filed a pretrial motion to exclude a collection of photographs from a police "phone dump" of his cell phone, which was mostly screenshots of young boys in swimsuits. In his pretrial motion, Morehead asserted that there was nothing sexual or otherwise improper depicted in the photographs, which, he claimed, were all comparable to photographs from mainstream publications and advertising. Pursuant to Arkansas Rules of

Evidence 401 and 403, Morehead argued lack of relevance and a prejudicial impact that far outweighed any probative value as well as impermissible character evidence under Arkansas Rule of Evidence 404. The trial court excluded the State's use of the photographs during the guilt phase of the trial while reserving its ruling regarding their admissibility for purposes of sentencing.

Following the guilt phase of the trial, the jury found Morehead guilty on all counts. During the sentencing phase, the State sought again to present the photographs obtained from Morehead's phone. The court admitted the photographs over Morehead's renewed objection that the photographs were inadmissible character evidence. Morehead now timely appeals.

I. *Amended Information*

The State is entitled to amend an information at any time prior to the case being submitted to the jury as long as the amendment does not change the nature or the degree of the offense charged or create an unfair surprise. Ark. Code Ann. § 16-85-407(b) (Repl. 2005); *Carter v. State*, 2015 Ark. 166, at 6, 460 S.W.3d 781, 788. Even if there is a change in the nature or degree of the offense, this court will analyze whether there was adequate notice and whether the defendant was prejudiced. *Adkins v. State*, 2024 Ark. App. 200, at 3, 686 S.W.3d 599, 601.

Morehead was charged with rape in violation of Arkansas Code Annotated section 5-14-103(a)(3) (Supp. 2023) and second-degree sexual assault in violation of Arkansas Code Annotated section 5-14-125 (Supp. 2023). Section 5-14-103 provides that a person commits

rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. By definition, both "sexual intercourse" and "deviate sexual activity" require the element of penetration. Ark. Code Ann. § 5-14-101 (Supp. 2023). Section 5-14-125 states that a person commits second-degree sexual assault if the person, being eighteen years of age or older, engages in sexual contact with another person who is less than fourteen years of age. "Sexual contact" means an act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. Ark. Code Ann. § 5-14-101.

Morehead argues that he was unfairly surprised by the amendment because his entire trial strategy was to defend on the basis of lack of penetration, which was an element of the rape charge but not of the sexual-assault charge. Morehead compares his case to *Martinez v. State*, 2014 Ark. App. 182, 432 S.W.3d 689.

In *Martinez*, Martinez was similarly charged with rape of another person who was less than fourteen. Martinez was tried by a jury, and the trial court allowed the State to amend the charge to second-degree sexual assault after it had put on all of its proof but had failed to prove penetration. The sexual-assault statute to which the court reduced the charge required only sexual contact (excluding penetration) with a victim under the age of fourteen.

In *Martinez*, the common element of the two charges was the age of the victim, which was not in dispute. The only issue in dispute was whether penetration had occurred. We held that the amendment changed the nature of the offense charged because the elements of the crimes were different, and appellant essentially had to defend a different charge.

4

Additionally, we held that the court erred in reducing the charge after the State had rested and not proved the essential element of penetration that differentiated the two charges. We reasoned that this resulted in an unfair surprise to Martinez.

Turning to the facts at hand, the common element was also the age of the victim. As in *Martinez*, the amendment changed the nature of the offense charged because the issue in dispute is whether penetration occurred. However, *Martinez* is distinguishable because Morehead was not unfairly surprised. Here, the State did not amend in an effort to remedy any deficiency in the proof. Instead, the State amended prior to trial because it had the evidence to prove all the counts alleged. The rapes and the sexual assaults arose from a common set of facts, and both were discussed in the probable-cause affidavit. Instead, these facts are more akin to those in *Adkins, supra*. In *Adkins*, we held, among other things, that the appellant could not show surprise or prejudice from an amendment made a few days before trial when the probable-cause affidavit discussed multiple sexual encounters, and the major factual allegations remained unchanged.

Nor was Morehead prejudiced from the amendment. We will not reverse a conviction in the absence of some showing of prejudice. *See Curl v. State*, 2019 Ark. App. 200, at 3, 575 S.W.3d 458, 460. Morehead did not move for a continuance and has not argued that he did not have adequate time to prepare due to the amendment. Prejudice will not be presumed when a defendant fails to move for a continuance or claims surprise after the defendant is put on notice that the State plans to amend an information. *Hoover v. State*, 353 Ark. 424, 429–30, 108 S.W.3d 618, 621.

Accordingly, even though there was a change in the nature of the offense, under these facts, Morehead cannot establish he was unfairly surprised or prejudiced by the amendment. It was not reversible error for the court to allow the State to add the charges.

## II. *Photographs*

Morehead claims that the trial court erred by refusing to exclude the photographs of young boys from his phone, which he contends was an unfair surprise and a discovery violation because the photos were in the State's possession and were not produced until two business days before trial. This argument is not preserved for our review. Not once prior to or during trial did Morehead object to the photos' admission because of when they were provided to him. Instead, his arguments below focused on their relevancy, prejudicial effect, and probative value. Objections to discovery violations must be made at the first opportunity in order to preserve them for appeal. *Barrow v. State*, 2010 Ark. App. 589, at 13, 377 S.W.3d 481, 490. Because Morehead did not object to the alleged discovery violation at his first opportunity, his argument is procedurally barred.

Affirmed.

WOOD and BROWN, JJ., agree.

*Rebekah J. Kennedy*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.