Cite as 2025 Ark. 143

# SUPREME COURT OF ARKANSAS

**No.** CR–24–424

|  |  |
|---|---|
| | **Opinion Delivered:** October 2, 2025 |
| WILLIAM COSTON<br>APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-22-744] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE RALPH OHM, JUDGE |
| | AFFIRMED. |

**KAREN R. BAKER, Chief Justice**

On March 13, 2024, a Garland County Circuit Court jury convicted appellant, William Coston, of ten counts of rape, one count of introduction of a controlled substance into the body of another person, and one count of sexually grooming a child. Coston was sentenced to eleven terms of life imprisonment, a term of six years' imprisonment, and received a $10,000 fine. All sentences were ordered to run consecutively. On appeal, Coston argues that the circuit court abused its discretion by allowing the State to amend the criminal information to add charges prior to trial. We affirm.

## I. *Facts and Procedural History*

Because Coston does not challenge the sufficiency of the evidence, only a brief recitation of the facts is necessary. This appeal stems from the years-long sexual abuse suffered by Minor Victim ("MV") at the hands of Coston, beginning when MV was four

years old. Coston's jury trial was held March 11–13, 2024. The record before us establishes the following facts.

On November 4, 2022, Coston was charged with three counts of rape. On January 9, 2023, the State amended the information to include one count of first-degree endangering the welfare of a minor in addition to the three counts of rape. On February 29, 2024, the information was amended a second time to remove the charge for endangering the welfare of a minor and to include a total of ten counts of rape, one count of introduction of a controlled substance into the body of another person, and one count of sexually grooming a child.[1]

On March 6, 2024, the circuit court held a pretrial hearing during which the second amended information filed on February 29 was discussed. Coston objected to the amendment, arguing that the State's decision to add seven rape charges to the original three charges was arbitrary. Specifically, he questioned the State's basis for adding "seven more as opposed to four more, five more, fifteen more, thirty more, [or] a hundred more [rape] charges[.]" The State responded that it decided to charge Coston with the additional counts of rape because it believed it could prove that Coston was guilty of each count based on the evidence that had long been in discovery. The State contended that it had a right to amend the charges up to and until it rested its case and that the second amended information was not an unfair surprise to Coston, nor did it prejudice him. Coston admitted that the evidence "ha[d] been in the discovery since day one[,]" but took issue with the State's decision to file

---

[1]On March 6, 2024, the State filed a final amended information, which changed the date range for the grooming charge to conform to the applicable statute of limitations. That amendment is not at issue on appeal.

the initial three charges based on its review of the same file two years prior. When asked whether he could cite to legal authority to support his argument that the State could not file an amended information a week before trial, Coston responded: "[w]hat the prohibition *would* be, is that *if* it was some type of surprise to the defense, okay. And then, the -- the remedy would not be striking the amendment, the remedy under that *would* be a continuance motion." (Emphasis added.) The circuit court ultimately overruled Coston's objection to the second amended information, and although Coston never moved to strike the amendment or for a continuance, the court denied such relief. The circuit court noted that the State was entitled to amend the information up to the point where the case was submitted to the jury.

At trial, the State introduced evidence that Coston confessed to law enforcement—as well as to his brother, a close friend, and a local pastor—that he had sexually abused MV. Coston also admitted to law enforcement that he had previously given marijuana and methamphetamine to MV as a precursor to the sexual abuse. MV testified that on numerous occasions over the course of several years, when she was between the ages of four and nine, Coston penetrated her vaginally and orally with his penis and digitally penetrated her vagina. MV also recounted instances during which Coston had shown her pornographic photos and videos, as well as times that he had given her drugs, both before and during the sexual abuse.

At the close of the State's case, Coston moved for a directed verdict. In support of his motion, Coston renewed his argument concerning the alleged arbitrariness of the State's decision to charge Coston with ten counts of rape as opposed to the three counts in the original information. Coston argued that it was almost impossible for him to move for a

3

directed verdict on any specific rape charge because each of the charges described the same behavior and used the same language for the same date range. Coston ultimately stated that he was either moving for a directed verdict as to nine of the rape counts for insufficient proof of penetration, or four of the rape counts, claiming that he had admitted to only six of them. In response, the State described ten separate instances from MV's testimony that it alleged constituted rape. The circuit court denied Coston's motion for directed verdict and similarly denied his renewed motion at the close of all the evidence.

On March 13, 2024, Coston was convicted and sentenced as described above. This timely appeal followed.

## II. *Point on Appeal*

For his sole point on appeal, Coston contends that the circuit court abused its discretion by allowing the State to amend the criminal information to add charges prior to trial. Coston specifically takes issue with the State's second amended information that was filed on February 29, 2024, six business days—or eleven total days—before his trial began.

We have explained that "[t]he State is entitled to amend an information at any time prior to the case being submitted to the jury as long as the amendment does not change the nature or the degree of the offense charged or create unfair surprise." *Green v. State*, 2012 Ark. 19, at 3–4, 386 S.W.3d 413, 415 (citing Ark. Code Ann. § 16-85-407(b) (Repl. 2005)). Further, "[e]ven where there is a change in the nature or degree of the offense, this court will analyze whether there was adequate notice and whether the defendant was prejudiced." *Carter v. State*, 2015 Ark. 166, at 6–7, 460 S.W.3d 781, 788.

4

With these standards in mind, we turn to Coston's argument on appeal. Coston likens his case to *Harmon v. State*, 277 Ark. 265, 641 S.W.2d 21 (1982), and *Martinez v. State*, 2014 Ark. App. 182, 432 S.W.3d 689, arguing that we should reach a similar result here. Coston argues that the second amended information impermissibly changed the nature and degree of the offenses charged in the prior information and that he did not receive proper notice of the new charges therein. Specifically, Coston contends that the charges of introduction of a controlled substance into the body of another person and sexually grooming a child constituted an unfair surprise because these charges did not share elements with the rape charges and there had been no prior charges for either offense. Additionally, Coston contends that the seven additional rape charges included in the second amended information were an unfair surprise because his case had been open for over a year and the probable-cause affidavit alleged only three counts of rape.[2] The State responds that the instant case is distinguishable from both *Martinez* and *Harmon*, as Coston had adequate notice of the charges in the second amended information. The State asserts that this case is comparable to *Morehead v. State*, 2024 Ark. App. 624, 704 S.W.3d 322, because it amended the information prior to trial—not to remedy a deficiency in proof—but because it had evidence to prove each alleged count. The State contends that Coston could not have been surprised by the

---

[2]Coston also argues that the additional rape charges created confusion because the ten verdict forms associated with each rape charge were identical, making it nearly impossible for the jury to assess whether the State offered proof of ten distinct instances of rape. However, Coston does not cite any legal authority in support of his position. We have repeatedly held that we will not consider an argument when the appellant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. *E.g.*, *Williams v. State*, 2024 Ark. 12, at 12, 682 S.W.3d 313, 321.

amendments because, as Coston conceded at trial, the basis for the charges had been in discovery since day one. The State argues that Coston was not prejudiced by the second amended information because he did not claim that he was unfairly surprised by the charges below and did not move for a continuance.

As an initial matter, although Coston makes the argument before this court that the addition of the charges of introduction of a controlled substance into the body of another person and sexually grooming a child constituted an unfair surprise, a review of the record demonstrates that he did not raise these arguments below. Rather, Coston's objections to the second amended information were limited to his concerns about the arbitrariness of the number of rape charges included in the information. We have long held that arguments not raised at trial will not be addressed for the first time on appeal. *Sylvester v. State*, 2016 Ark. 136, at 5, 489 S.W.3d 146, 149. Likewise, parties cannot change the grounds for an objection on appeal but are bound by the scope and nature of their objections as presented at trial. *Id.* Thus, our discussion will be limited to Coston's arguments concerning the seven additional rape charges in the second amended information.

In *Harmon, supra*, we reversed and remanded for a new trial because the circuit court erroneously permitted the State to amend the criminal information at too late a juncture. 277 Ark. at 266–67, 641 S.W.2d at 22. Specifically, Harmon had been charged with capital-felony murder committed in the course of a kidnapping, but on the first day of trial after the jury had already been sworn, the State was permitted to amend the information to add robbery as an alternative underlying felony to support the capital-felony-murder charge. *Id.* We explained that "[t]he nature of the charge was unquestionably changed by adding the

6

offense of robbery. That amendment was not permissible in the absence of any notice to Harmon that he was to be required to defend an essentially different charge of capital murder." *Id.* at 270, 641 S.W.2d at 24. In *Martinez*, *supra*, our court of appeals reversed and dismissed Martinez's second-degree sexual-assault conviction because the circuit court erroneously allowed the State to amend the criminal information after the State rested its case. 2014 Ark. App. 182, at 1, 432 S.W.3d at 690. At the close of the State's case, Martinez moved to dismiss the rape charge, arguing that the State had failed to introduce evidence of penetration as is necessary to sustain a rape charge. *Id.* at 3, 432 S.W.3d at 691. Over Martinez's objection, the State then successfully moved to amend the information to add a second-degree sexual-assault charge in order to conform to the evidence presented at trial. *Id.* The court of appeals ruled that the amended information impermissibly changed the nature of the offense charged because the crimes had different elements, and the "appellant essentially had to defend a different charge." *Id.* at 9, 432 S.W.3d at 694. The court of appeals held that Martinez was unfairly surprised by the amendment because penetration was an essential element of the rape charge, and therefore, Martinez had come to trial prepared to defend against that element. *Id.* at 8, 432 S.W.3d at 694. In reversing his conviction, the court of appeals noted that Martinez did not learn of the State's intent to amend the information until after the State had presented its case and the jury had already heard testimony from the State's witnesses—without objection from Martinez—concerning acts that did not go to the elements of Martinez's rape charge. *Id.*

We are not persuaded by Coston's reliance on *Harmon* and *Martinez*. First, unlike in *Harmon* and *Martinez*, Coston was not forced to defend against a different charge. Here,

7

Coston was originally charged with three counts of rape. The second amended information added seven counts of rape, totaling ten counts. Therefore, the second amended information did not change the nature or degree of the offense charged since it merely added counts of the same offense. Further, Coston was not subjected to the same lack of notice as in *Harmon* and *Martinez*. As opposed to the State's amended information being sought on the morning of trial after the jury was sworn as in *Harmon*, or at the close of the State's case after the presentation of its evidence as in *Martinez*, Coston learned of the additional charges in the second amended information eleven days prior to trial.

Indeed, the present case bears more of a resemblance to *Morehead*, *supra*. In *Morehead*, our court of appeals affirmed Morehead's convictions for rape and second-degree sexual assault. 2024 Ark. App. 624, at 1, 704 S.W.3d at 323. Morehead was initially charged with two counts of rape, but two business days before trial, the circuit court allowed the State to amend the information to add two counts of second-degree sexual assault. *Id.* at 2, 704 S.W.3d at 323. The court of appeals noted that, as in *Martinez*, *supra*, the State's amended information changed the nature of the charged offense due to the essential element of penetration. *Id.* However, the court of appeals explained that unlike Martinez, Morehead was not unfairly surprised because "the State did not amend in an effort to remedy any deficiency in the proof. Instead, the State amended prior to trial because it had the evidence to prove all the counts alleged. The rapes and the sexual assaults arose from a common set of facts, and both were discussed in the probable-cause affidavit." *Id.* at 5, 704 S.W.3d at 325. Likewise, the court of appeals held that Morehead was not prejudiced by the amended

8

information because he did move for a continuance, nor did he claim that he did not have adequate time to prepare for trial due to the amendment. *Id*. at 5, 704 S.W.3d at 325.

Here, as discussed above, the second amended information did not change the nature or degree of the offenses charged. Rather, the amendment added counts of the same offense—rape. As in *Morehead*, the State amended the information before trial began. Specifically, the State filed the second amended information six business days, or eleven total days, prior to trial. Additionally, as in *Morehead*, the State filed its amendment ahead of trial to conform to the evidence that it planned to introduce as opposed to filing the amendment in order to conform to the testimony that had already been adduced at trial that supported a lesser charge. Further, Coston did not allege below that the additional rape charges in the second amended information were an unfair surprise; rather, his argument focused on the arbitrariness of the number of rape counts. In fact, Coston conceded below that the additional charges stemmed from evidence that had been in the record since day one. Therefore, we are satisfied that Coston was given adequate notice of the additional rape charges. Finally, like Morehead, Coston was not prejudiced by the amendment. Coston neither moved for a continuance—either after the second amended information was filed on February 29, 2024, or at the March 6, 2024 pretrial hearing—nor claimed that he was unable to prepare for trial as a result of the additional charges set forth in the amendment. We have held that we will not presume prejudice when an appellant fails to move for a continuance or claim surprise after he is put on notice that the State plans to amend an information. *See, e.g.*, *Holloway v. State*, 312 Ark. 306, 313, 849 S.W.2d 473, 477 (1993); *Hoover v. State*, 353 Ark. 424, 430, 108 S.W.3d 618, 621 (2003).

Accordingly, given our review of the record and our discussion above, we affirm the circuit court's ruling allowing the State to amend the criminal information.

### III. *Rule 4-3(a) Review*

Pursuant to Arkansas Supreme Court Rule 4–3(a), the record has been reviewed for all objections, motions, and requests that were decided adversely to Coston, and no prejudicial error was found.

Affirmed.

*Mylissia M. Blankenship*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Dalton Cook*, Ass't Att'y Gen., for appellee.